UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Emerson,                                    Case No. 3:19-cv-365

               Plaintiff

v.                                                 MEMORANDUM OPINION AND
                                                   ORDER

Anthony Williams, et al.,

               Defendants


*Pro se* Plaintiff Joseph Emerson brings this action against defendants Anthony Williams and Cody LNU. Emerson identifies "unfair labor practice," "falsifying IRS records," "possibly taking my pipefitting jobs rigged," and "refusing to pay court ordered debts" as the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 and 3). Emerson has filed a motion to proceed with this action *in forma pauperis*, and I grant that motion. (Doc. 2).

For the following reasons, I dismiss this action.

## BACKGROUND

Plaintiff's Complaint is difficult to follow. Emerson states his claim in its entirety as follows: "I won judgment court Tony Williams refuses to pay. Brother in law sold his half business possibly getting a bought illegal pipefitter book blackballing me from my union entitled jobs."[1] (*Id.* at 4). Plaintiff seeks $300,000.00 in compensatory damages and punitive damages. (*Id.*). Attached to the Complaint is a wide-ranging statement by Plaintiff regarding work he performed for Anthony Williams and his brother-in-law Cody, including allegations of unpaid wages, tax fraud, subpoenaed

---

[1] In his supplemental Complaint, Plaintiff asserts various allegations regarding alleged inappropriate conduct by Attorney John Pace, but it does not appear that these allegations are related to Plaintiff's claims in the Complaint. (Doc. 4).

documents, and rigged pipefitter books. (Doc. 1-1 at 1). Numerous documents are also attached to the Complaint, including a Magistrate's Decision, dated September 19, 2016, by Magistrate Blaufuss in the Toledo Small Claims Court concerning a case brought by Emerson against A.L. Williams Enterprises, Inc. for unpaid wages, awarding $3,000.00. (*Id.* at 2-4). On October 5, 2016, the Toledo Municipal Court entered a judgment entry granting judgment in favor of Emerson and against Anthony Williams in the amount of $3,000.00. (*Id.* at 5).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

## ANALYSIS

"Under the 'well-pleaded complaint rule,' the presence of federal jurisdiction turns on whether 'a plaintiff's properly pleaded complaint presents a federal question on its face.'" *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007) (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir.1989) (en banc)). Even liberally construing the Complaint, Plaintiff fails to allege facts that, taken as true, plausibly state a claim based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331,[2] or upon which relief can be granted. In the absence of federal subject

---

[2] Nor does Plaintiff allege facts from which I may infer that there is a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

matter jurisdiction, I lack authority to hear this case. *Id.* at 268. To the extent that Plaintiff seeks enforcement of his small claims state court judgment in Toledo Municipal Court against defendant Anthony Williams, I lack jurisdiction to do so. *See Bright v. Mut.*, No. 4:17-CV-47-TAV-SKL, 2018 WL 1524603, at *4 (E.D. Tenn. Mar. 28, 2018) ("Federal courts generally lack authority to enforce state-court judgments.") (citing *Dearborn St. Bldg. Assocs. LLC v. D&T Land Holdings, LLC*, No. 1:07-cv-1056, 2008 WL 2397660, at *2 (W.D. Mich. June 9, 2008) (citations omitted)).

## Conclusion

For the reasons stated above, I dismiss this case pursuant to 28 U.S.C. § 1915(e). I grant Plaintiff's motion to proceed *in forma pauperis*.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge